**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALI KHAN,<br><br>       Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No.   14-70995<br><br>Agency No. A089-127-370<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2017
San Francisco, California

Before:    TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,[**] District Judge.

    Wali Khan, a native and citizen of Pakistan, petitions for review of an order

of the Board of Immigration Appeals ("BIA") upholding an immigration judge's

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

("IJ") denial of Khan's applications for asylum and withholding of removal. We deny the petition.

On December 1, 2006, Khan was admitted to the United States as a seaman on a thirty-day work visa. He later applied for asylum and withholding of removal. On March 13, 2008, the Department of Homeland Security issued a Notice to Appear, charging Khan with removal for having overstayed his visa.

Before an IJ, Khan conceded removability, but renewed his applications for asylum and withholding of removal, and applied for relief under the Convention Against Torture ("CAT"). Khan testified that he had been persecuted for his political and religious beliefs in Pakistan. He claimed that in August 2005 and September 2006, police arrested, detained, and tortured him for organizing on behalf of an opposition political party. He also testified that in October 2006, a religious extremist group threatened him at his shop and later abducted and tortured him because he refused to close the shop during prayer times.

The IJ found Khan was not credible and denied his applications on that basis. The adverse credibility determination primarily rested on several unexplained inconsistencies in Khan's testimony, and between his testimony and the record. First, Khan testified that he made the decision to leave Pakistan in November 2006, but the record showed that a shipping company had applied for a

2

U.S. work visa on Khan's behalf in May 2006, that Khan had checked the status of that visa in August 2006, and that Khan was already employed by the shipping company as of August 2006. Second, Khan testified that the religious extremists abducted him two days after they first came to his shop, but his supplemental declaration stated that the abduction occurred only one day later. Third, Khan testified that he did not seek medical treatment after his first arrest, but his initial declaration stated that he did seek treatment at that time. Fourth, Khan testified that a member of his political party won a seat in the 2002 elections, but his first declaration stated that the individual had lost in 2002. The IJ also found that Khan had failed to corroborate his testimony that he owned a shop in Pakistan, even though the shop was "the source of his problems with [the extremist group] and the source of his second arrest." The IJ ordered Khan removed.

Khan appealed and the BIA affirmed in part and remanded in part. It concluded that the IJ's adverse credibility determination was not erroneous, and affirmed the IJ's denial of Khan's applications for asylum and withholding of removal.

The BIA remanded for reconsideration of Khan's CAT application and eligibility for voluntary departure, because the IJ had failed to analyze the country conditions information in the record and explain her reasons for concluding that

3

Khan was not eligible for voluntary departure. On remand, however, Khan withdrew his CAT application and informed the IJ that he would not accept a grant of voluntary departure. Accordingly, the IJ issued another order of removal, and Khan petitioned this court for review.[1]

Before this court, Khan argues that the adverse credibility finding was unsupported by any of the inconsistencies relied upon by the BIA. "The BIA's credibility findings are reviewed under the . . . substantial evidence standard." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000). "[W]e must uphold the [agency's] adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)). At minimum, the agency's decision was supported by the May 2006 application for a visa by the shipping company and Khan's inability to explain why that application preceded much of the alleged persecution.

---

[1] This court has jurisdiction over this petition for review because the order of removal is final and no new issues arose on remand. *See, e.g.*, *Shepherd v. Holder*, 678 F.3d 1171, 1178 (10th Cir. 2012) (holding that an alien was not required to take a second, "redundant" appeal to the BIA because her "petition meets the finality requirement by virtue of passage of time and meets the exhaustion requirement because a second appeal to the BIA would essentially be a motion for reconsideration of an issue the BIA already had decided").

Khan argues that the IJ did not address Khan's explanation for that inconsistency. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (requiring IJs to consider a "petitioner's explanation for a perceived inconsistency"). On the contrary, Khan never gave an adequate explanation. The IJ asked: "Well sir, you clearly stated that you contacted the agent in November of 2006, because you wanted to leave Pakistan. But the application was made in May. Are you going to explain this?" Khan responded: "No, Your Honor." The closest Khan came to an explanation was his statement that, although he applied for a visa in May 2006, he did not have a job offer at that time and contacted an agent in November for help securing a position with a shipping company. But this explanation is inadequate, for it only addresses why he contacted an agent, and fails to address the root of the inconsistency about when and why he decided to leave the country. Moreover, as the IJ noted, the explanation is implausible in light of a letter from the shipping company showing that Khan had secured a position by August 2006.

Khan did not give a full explanation for this inconsistency, and the IJ stated her reason for rejecting his partial explanation. The inconsistency therefore supports the IJ's adverse credibility determination. The petition for review is **DENIED**.